# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re SARKIS KAVLAKIAN, | |
| Mohamad A. Mohamad, | |
| Appellant, | Civ. Act. No. 13-11691-TSH |
| v. | Bankruptcy Chapter 7 |
| Stewart F. Grossman, Trustee, | Case No. 06-11280-JNF |
| Appellee. | |

### ORDER ON APPEAL FROM BANKRUPTCY COURT
March 28, 2014

**HILLMAN, D.J.**

### Nature of the Proceeding

This is an appeal from a final order of the United States Bankruptcy Court for the District of Massachusetts by Stephen Gordon counsel for Mohamad A. Mohamad awarding him an administrative claim in the amount of $27,008.29 from the bankruptcy estate of the debtor, Sarkis Kavlakian ("Kavlakian").

### Background

Attorney Stephen Gordon ("Attorney Gordon") represented Mohamad A. Mohamad ("Mohamad"), a creditor of Kavlakian, who had obtained a default judgment against Kavlakian in the Worcester Superior Court. Due in large part to the efforts of Attorney Gordon, $143,124,03 was recovered in state court proceedings for the benefit of the bankruptcy estate.

On March 11, 2013, Mohamad filed an Administrative Application and Affidavit for Legal Fees For Stephen Gordon Counsel for Mohamad ("Administrative Expense Application") on the grounds that having recovered monies for the estate, he was a creditor who could be awarded administrative expenses pursuant to 11 U.S.C. §503(b)(3)(B) and permitting Attorney Gordon to be awarded compensation pursuant to 11 U.S.C. §503(b)(4). The Administrative Expense Application requested that Attorney Gordon be awarded at least $96,000.

The Bankruptcy Trustee ("Trustee") opposed an award to Attorney Gordon on the grounds that (1) Mohamad did not recover funds within the meaning of 11 U.S.C. §503(b)(3)(B), (2) the Bankruptcy Court could not have been deemed to have given approval within the meaning of 11 U.S.C. §503(b)(3)(B) prior to January 30, 2008, and therefore Attorney Gordon could not be compensated for any time spent prior to that date, and (3) that in any event in the circumstances of this case an award to Attorney Gordon of the amount requested would not be reasonable based on the time, nature, extent, and value to the estate of such services.

On June 3, 2013, the Bankruptcy Court issued a memorandum of decision finding that Mohamad had recovered funds within the meaning of § 503(b)(3)(B) of the Bankruptcy Code, but agreed with the Trustee that that there could be no recovery for any time spent prior to January 30, 2008. The Bankruptcy Court awarded compensation to Attorney Gordon in the amount $27,008.29.

**Standard of Review**

Where a party has filed objections to the bankruptcy court's proposed findings of fact and conclusions of law, this Court reviews rulings of law *de novo* and findings of fact for clear error. *See In re Boston Regional Medical Center, Inc.*, 410 F.3d 100, 108 (1st Cir. 2005). Accordingly,

"[a] court reviewing a decision of the bankruptcy court may not set aside findings of fact unless they are clearly erroneous, giving 'due regard ... to the opportunity of the bankruptcy court to judge the credibility of the witnesses.'" *Palmacci v. Umpierrez,* 121 F.3d 781, 785 (1st Cir.1997(citation to quoted authority omitted). "A finding of fact is clearly erroneous, although there is evidence to support it, when the reviewing court, after carefully examining all the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" *Id.* at 785 (citation to quoted authority omitted).

Finally, when a reviewing court "scrutinize[s] factual determinations and discretionary judgments made by a bankruptcy judge … considerable deference [is given] to the bankruptcy court:

> 'Historically, bankruptcy courts have been accorded wide discretion in connection with fact-intensive matters and in regard to the terms and conditions of the engagement of professionals.... The bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails.'"

*In re DN Assoc., d/b/a Atlantic Motor Inn v. Dn Assoc., d/b/a Atlantic Motor Inn.,* 3 F.3d 512, 515 (1st Cir. 1993)(citation to quoted case omitted). "The bankruptcy court's legal conclusions, drawn from the facts so found, are reviewed *de novo*." *Palmacci*, 121 F.3d at 785.

### Discussion

The Court has reviewed the parties' submission and heard oral argument. Mohamad has failed to establish by clear and convincing evidence that any of the Bankruptcy Court's factual findings were erroneous. Furthermore, I find that the Bankruptcy Court committed no errors of law. Therefore, Mohamad's appeal of the award of fees/expenses to Attorney Gordon is denied.

## **Conclusion**

The judgment of the Bankruptcy Court is ***affirmed***.

**SO ORDERED.**

                                                  */s/* ***Timothy S. Hillman***
                                                  TIMOTHY S. HILLMAN
                                                  DISTRICT JUDGE